```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
    ADOLFO PICHARDO,                                         :
                              Petitioner,                    :
                                                             :       19 Civ. 11559
               -against-                                     :       18 Crim. 246
                                                             :         (LGS)
    UNITED STATES OF AMERICA,                                :
                              Respondent.                    :   OPINION AND ORDER
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Petitioner Adolfo Pichardo brings this pro se Petition to vacate, set aside or correct his sentence for violating 18 U.S.C. §§ 1542, 1347, 641 and 1028A(a)(1) following a guilty plea. *See* 28 U.S.C. § 2255. Petitioner claims that his guilty plea was not knowing, intelligent or voluntary and that he received ineffective assistance of counsel. For the reasons stated below, the Petition is denied.

I.  **BACKGROUND**

Petitioner entered into a plea agreement ("Plea Agreement") with the Government, dated March 27, 2018. Pursuant to the agreement, the Government agreed to accept Petitioner's guilty plea to four counts -- making a false statement in a passport application ("Count One"), healthcare fraud ("Count Two"), theft of government benefits ("Count Three"), and aggravated identify theft in connection with Counts One through Three ("Count Four"). The agreement stated the maximum sentence for each count, and specified that Count Four carried a mandatory term of imprisonment of two years, which must be served consecutively to any other term. The agreement also stated that the total maximum term of imprisonment on all counts was 32 years, with a mandatory term of imprisonment of two years, which must be served consecutively.

In the Plea Agreement, Petitioner and the Government stipulated to certain calculations under the United States Sentencing Guidelines ("Guidelines"): the parties agreed to an offense level of 12, and a criminal history category of IV based on information then available to the Government; this resulted in a Guidelines recommendation for Counts One through Three of 21 to 27 months' imprisonment; Count Four carried a mandatory minimum sentence of 24 months' imprisonment to be added consecutively to the sentence on Counts One through Three; this resulted in a stipulated Guidelines range of 43 to 51 months' imprisonment. The Plea Agreement also stated that "the Guidelines are not binding on the Court" and contained the defendant's acknowledgement that the court could impose any sentence up to the statutory maximum -- i.e., 32 years.

Petitioner pleaded guilty on March 28, 2018, before Magistrate Judge Barbara Moses. In response to the court's question, Petitioner stated that he was "very satisfied" with his attorney's representation of him. Before accepting Petitioner's plea, Judge Moses informed Petitioner that the sentence would be imposed by the sentencing judge and limited only by what the law permits; that even if he was surprised or disappointed by his sentence, he would still be bound by his guilty plea; and that the Court could impose the maximum sentence of 32 years, with a mandatory term of two years on Count Four, which must be served consecutively to the sentence on Counts One, Two and Three. Judge Moses also referenced the stipulated Guideline range in the Plea Agreement. Petitioner confirmed that he understood the terms of the Plea Agreement, including the sentencing calculations, understood that they were not binding on the sentencing judge, that she could make her own calculation of the guideline range and could impose a sentence above or below that range up to the maximum sentence. Petitioner allocuted to all four counts, and admitted as to all four that he had falsely used another person's identity. At the

conclusion of the proceeding, the Court found that Petitioner understood his rights and the consequences of his plea, including the sentence that may be imposed.

Petitioner's presentence report (the "Presentence Report"), last revised June 19, 2018, revealed that Petitioner had engaged in additional criminal activity beyond what was reported in the Plea Agreement. These additions resulted in a criminal history category of VI, which in turn increased the Guidelines recommendation for the first three counts to 30 to 37 months. With Count Four's 24-month mandatory minimum, the Presentence Report calculated a recommended guideline range for all counts of 54 to 61 months.

Petitioner was sentenced on August 16, 2018. At his sentencing hearing, Petitioner stated that he had reviewed the Presentence Report with his attorney and a translator. Defense counsel also stated that he had "had a long discussion with [Petitioner about] why there was a difference" between the Guidelines recommendation in the Plea Agreement and in the Presentence Report. Neither the Government nor Petitioner objected to the calculation in the Presentence Report. The Court accepted the Guidelines calculation in the Presentence Report and sentenced Petitioner to a Guidelines sentence of 30 months on each of the first three counts to run concurrently, and 24 months on Count Four to be served consecutively, totaling 54 months.

On appeal, Petitioner challenged his sentence on the grounds that it was procedurally and substantively unreasonable because the Court had not considered his health issues, need for medical care and the non-violent nature of his crimes. *United States v. Pichardo*, 782 F. App'x 60, 61 (2d Cir. 2019). The Second Circuit found that the sentence was neither procedurally nor substantively unreasonable because the Court had explained its consideration of these factors and the sentence was on the lowest end of the sentencing guidelines recommended range. *Id.* at 62.

## II.     LEGAL STANDARD

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Salemo v. United States*, 187 F. Supp. 3d 402, 413 (S.D.N.Y. 2016) (quoting *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010)).

A federal prisoner may move to vacate, set aside, or correct his sentence on four grounds pursuant to § 2255:

> (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States, or [ (2) ] that the court was without jurisdiction to impose such sentence, or [ (3) ] that the sentence was in excess of the maximum authorized by law, or [ (4) ] is otherwise subject to collateral attack.'

*United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (alteration in original) (quoting U.S.C. § 2255(a)), *cert. denied*, 140 S. Ct. 55 (2019). "In ruling on a motion under § 2255, the district court is required to hold a hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255(b)). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." *Id.* at 131.

Courts must liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions "to raise the strongest claims [they] suggest[]." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quotation marks omitted). "Nevertheless, a *pro se* litigant is not exempt from 'compliance with relevant rules of procedural and substantive law.'" *Murphy v. Warden of Attica Corr. Facility*, No. 20 Civ. 3076, 2020 WL 2521461, at *1

4

(S.D.N.Y. May 15, 2020) (emphasis in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III. DISCUSSION

Petitioner's sole allegation is that his 24-month consecutive sentence for Count Four is "unreasonable because [he] did not plead guilty to a consecutive sentence." He states that his "plea was 21 to 27 month[s consistent with the] P.S.R. But I was sentenced to 54, I plead to 30 months, not 54 months, in prison." Liberally construed, the Petition alleges that Petitioner did not knowingly and voluntarily plead guilty to Count Four, with the understanding that it carried a mandatory consecutive sentence, and that he received ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 669 (1984).

**1. Petitioner's Voluntariness Claim is Procedurally Barred**

The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. With regard to guilty pleas, due process requires that they be voluntary and intelligent, meaning that "the defendant enters the plea with full awareness of its 'direct consequences.'" *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see also United States v. Adams*, 955 F.3d 238, 247 (2d Cir. 2020) (rejecting argument that defendant's plea was not knowing and intelligent when he was informed "numerous times" of the court's authority to order restitution and, after it was ordered, he never objected).

However, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Here, although Petitioner challenged the reasonableness of his sentence on appeal, *Pichardo*, 782 F. App'x at 61, he "did not challenge the validity of his plea." *Bousley*, 523 U.S.

5

at 621.  "Absent a fundamental miscarriage of justice, a federal prisoner who fails to raise an issue on direct appeal cannot subsequently raise the issue in a § 2255 petition unless he can show cause for his failure to raise the issue on appeal." *Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999); *accord Aller v. United States*, No. 16 Civ. 9504, 2018 WL 4579829, at *4 (S.D.N.Y. Aug. 17, 2018).  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622 (internal citations omitted).

Petitioner has not shown that his failure was due to cause, or that he is actually innocent. Petitioner expressly admitted that he had falsely used the identity of another person with regard to the acts charged in Counts One through Three, which was also the factual basis for his guilty plea on Count Four.  *See Mintu v. United States*, No. 17 Civ. 2565, 2018 WL 1474417, at *4 (S.D.N.Y. Mar. 26, 2018) (holding that petitioner's plea was voluntary because he explained the factual basis for his guilt in his own words during his plea allocution).  Therefore, Petitioner's claim that he did not knowingly and voluntarily plead to a charge carrying a consecutive sentence is procedurally defaulted.

### 2. Petitioner's Ineffective Assistance of Counsel Claim Fails on the Merits[1]

The Sixth Amendment provides "the right to the effective assistance of counsel." *Strickland*, 466 U.S. at 669.  "There is 'a strong presumption that counsel's conduct fell within the wide range of professional assistance.'" *Weingarten v. United States*, 865 F.3d 48, 52 (2d

---

[1] "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).  Therefore, while Petitioner did not make this claim on appeal, it is not procedurally barred.  *Id.*

Cir. 2017) (quoting *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015) (quoting *Strickland*, 466 U.S. at 689)).  "To overcome that presumption, a petitioner must establish two elements. First, the petitioner must show that counsel's performance was deficient by demonstrating that the representation 'fell below an objective standard of reasonableness.'" *Weingarten*, 865 F.3d at 52 (quoting *Strickland*, 466 U.S. at 688); "[s]econd, the petitioner must show that counsel's deficient representation was prejudicial to the defense by establishing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).  "Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea . . . to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty."  *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005).

Petitioner's ineffective assistance of counsel claim fails because he has not shown that "his attorney failed to communicate a plea offer" or "failed to provide objectively reasonable advice."  *Davis v. United States*, No. 18 Civ. 1308, 2019 WL 3429509, at *5 (S.D.N.Y. July 30, 2019).  On the contrary, the record indicates that defense counsel fully informed Petitioner of the consequences of his guilty plea.

First, at his guilty plea hearing, Petitioner said that he had read the Plea Agreement, that his attorney had explained it to him, and that he understood its terms.  The Plea Agreement states that "Court Four carries a mandatory term of imprisonment of two years, which must be served consecutively to the sentence imposed for the underlying offense."  The Plea Agreement also states that the maximum term of imprisonment for all counts totaled 32 years and that the Guidelines recommendation in the agreement was not binding on the Court.  *See Colon v. United States*, No. 19 Civ. 2299, 2019 WL 5078600, at *2-3 (S.D.N.Y. Oct. 10, 2019) (holding that

counsel had not been ineffective where petitioner stated during a plea hearing that "he read, understood, and discussed the plea agreement with his attorney" and the Court had explained the maximum and mandatory minimum sentences).

Second, Petitioner's sworn statements during his plea allocution, which "carry a strong presumption of verity," *United States v. Grzybek*, 283 Fed. App'x 843, 845 (2d Cir. 2008), indicate that he was aware that he could receive as much as a 32-year sentence that necessarily would include a 24-month consecutive sentence for Count Four. Petitioner also stated that he understood that the sentencing judge would not be bound by the Plea Agreement. Therefore, he was aware that "the decision of what sentence to impose was the Court's alone." *Davis*, 2019 WL 3429509, at *6.

Lastly, at the sentencing hearing, Petitioner's counsel stated that he had "had a long discussion with [Petitioner]" regarding the increase in sentencing guidelines in the Presentence Report. Petitioner confirmed that he had gone over the Presentence Report with his attorney and a translator. Petitioner also stated that he was "very satisfied" with his attorney's representation.

Therefore, Petitioner has not overcome the "presumption that counsel's conduct fell within the wide range of profession assistance." *Weingarten*, 865 F.3d at 52. As Petitioner has failed to satisfy the first prong of the *Strickland* test, the second prong is not addressed.

IV.   **CONCLUSION**

For the reasons stated above, the Petition is denied. Petitioner has not made a substantial showing of a denial of a federal right and therefore a certificate of appealability will not issue. *Hoffler v. Bezio*, 726 F.3d 144, 154 (2d Cir. 2013); *Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d Cir. 1998). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed to close this matter.

SO ORDERED.

Dated: June 16, 2020
       New York, New York

                                                LORNA G. SCHOFIELD
                                            UNITED STATES DISTRICT JUDGE